# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | | |
|---|---|---|
| STANLEY R. JONES | ) | Cause No. CV 12-22-BU-DLC |
| | ) | |
| Plaintiff, | ) | FINDINGS |
| | ) | AND RECOMMENDATIONS OF |
| vs. | ) | U.S. MAGISTRATE JUDGE |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

On March 27, 2012, *pro se* Plaintiff Stanley R. Jones (Jones) brought this action challenging Internal Revenue Service (IRS) levies to collect delinquent income taxes. Now pending is the IRS's Motion to Dismiss for Lack of Jurisdiction *(Doc. 4)*.

-1-

The crux of the jurisdictional motion is that Jones' claims are barred by the doctrine of sovereign immunity. The IRS argues that neither the Court nor Jones may proceed absent a waiver of sovereign immunity. Jones answers the IRS's Motion by reciting a variety of often advanced and often rejected arguments, supported by little authority.

## **DISCUSSION**

Federal courts are courts of limited jurisdiction. The United States Supreme Court has made clear that the lower federal courts are to presume that a cause lies outside this limited jurisdiction and that the burden of establishing the contrary rests upon the party asserting jurisdiction, here, Jones. *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994).

It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.1985) (*citing United States v. Shaw,* 309 U.S. 495, 500-01 (1940)). The doctrine of sovereign immunity provides that the

United States cannot be sued unless it provides consent, and "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). "Absent consent to sue, dismissal of the action is required." *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982) (citations omitted). "Such [a] waiver [of sovereign immunity] cannot be implied, but must be unequivocally expressed." *Gilbert*, 756 F.2d at 1458. "Taxpayers have the burden of showing that the United States has unequivocally waived its sovereign immunity." *Williams v. U.S.*, 243 Fed.Appx. 236, 237 (9th Cir. 2007) (citing *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987)).

Jones cites no binding authority to the contrary. His contention that the doctrine of sovereign immunity is a "hold over from old English Law" and disposed of by the revolutionary war (*see Doc. 7, p. 3-4*) is without support upon which this Court may rely.

Although, as the complaining party, it is his burden to establish this Court's jurisdiction to proceed, Jones has not alleged any valid

statutory basis establishing the subject matter jurisdiction of the Court. Instead, Jones advances frivolous arguments including that he is not a "taxpayer" within the meaning of the Federal Tax Codes and that wages are not income. These arguments have been universally rejected by Courts and have no application to the doctrine of sovereign immunity. See *United States v. Hanson*, 2 F.3d 942, 945 (9th Cir. 1993) (superceded by statute on other grounds) (rejecting as "utterly meritless" argument that "as a natural born citizen of Montana Hanson is a nonresident alien" and thus not a "taxpayer" subject to federal tax laws); *United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986) (rejecting as "frivolous" appellant's assertion that she is not a "taxpayer" because she is "an absolute, freeborn and natural individual"). "An individual is a 'person' under the Internal Revenue Code and thus subject to [Title 26]." *Studley*, 783 F.2d at 937; *Carter v. C.I.R.*, 784 F.2d 1006, 1009 (9th Cir. 1986) (recognizing the "wages are not income" argument as frivolous and consistently rejected by the Ninth Circuit).

Jones fails to address in any meaningful way the IRS's argument

concerning sovereign immunity. Jones has not demonstrated any waiver of sovereign immunity in this case and, as a consequence, this Court is without jurisdiction. The Court notes that Jones was not without a remedy. To appeal an IRS collection due process determination, a person may "within 30 days of a determination ... appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." 26 U.S.C. § 6330(d).

Because Jones has not established that this Court has jurisdiction to proceed in this matter, **IT IS RECOMMENDED** that:

    1. Defendant's Motion to Dismiss for Lack of Jurisdiction (*Doc. 4*) be **GRANTED**.

    2. Jones' Motion for Summary Judgment (*Doc. 10*) and Motion to Exceed Word Limit for Brief (*Doc. 11*) be **DENIED** as moot.

    3. Jones' Complaint be dismissed and judgment be entered in favor of the Defendant.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies

served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED the 1st day of August, 2012.

/s/ CAROLYN S. OSTBY
UNITED STATES MAGISTRATE JUDGE