IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION



FILED

OCT 26 2012

Clerk, U.S District Court
District Of Montana
Missoula

| | | |
|---|---|---|
| STANLEY R. JONES, | ) | CV 12-00022-BU-DLC |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Stanley R. Jones filed a Complaint on March 27, 2012, challenging Internal Revenue Service ("IRS") levies to collect delinquent income taxes. (Doc. 15 at 1.) The IRS's Motion to Dismiss for Lack of Jurisdiction is pending. (Doc. 4.) United States Magistrate Judge Carolyn Ostby entered Findings and Recommendations on August 1, 2012. (Doc. 15.) Judge Ostby recommended the IRS's Motion to Dismiss be granted, Jones's Motion for Summary Judgment and Motion to Exceed Word Limit for Brief be denied as moot, Jones's Complaint be dismissed, and judgment in favor of Defendant be entered. (Doc. 15 at 5.)

Jones timely objected and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendations not specifically objected to

1

Case 2:12-cv-00022-DLC Document 18 Filed 10/26/12 Page 2 of 5

will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, this Court adopts Judge Ostby's Findings and Recommendations in full. Because the parties are familiar with the procedural and factual background of this case, it will not be restated here.

Jones's claims are barred by the doctrine of sovereign immunity. Jones's arguments that he is not a taxpayer and that income should be narrowly defined are frivolous and meritless.

I. Sovereign Immunity

Jones fails to demonstrate any waiver of sovereign immunity made by the IRS. Instead, he argues that the doctrine of sovereign immunity is unconstitutional and that Congress waived most of the federal government's sovereign immunity under the Federal Tort Claims Act. (Doc. 16 at 16.) He cites no authority to support these arguments.

The United States is immune from suit unless it consents to be sued. *U.S. v. Sherwood*, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act ("FTCA") only waives sovereign immunity in claims "based on death, personal injury, or damage to, or loss of, property caused by negligent or wrongful acts or omissions by the United States or its employees acting within the scope of their employment." 32 C.F.R. § 536.84(a). The FTCA is inapplicable here. Because there has been no

2

waiver of sovereign immunity, this Court does not have jurisdiction over Jones's claims.

II. Plaintiff as a Taxpayer

The argument that Jones is not a taxpayer is unsupported by legal authority. Jones misreads 26 U.S.C. § 1, which clearly establishes groups subject to tax, including not only partnerships but married individuals, heads of households, and unmarried individuals. 26 U.S.C. § 1(a)-(c). In *Economy Plumbing and Heating Co. v. United States*, 470 F.2d 585 (Ct. Cl. 1972), on which Jones relies for his broad contention that "some parties are not 'taxpayers'" (doc. 16 at 10), the court determined the plaintiffs were "not taxpayers in this case with respect to these funds," not that they were not taxpayers with regard to any funds. 470 F.2d at 585.

Despite Jones's arguments to the contrary, the Tax Court would have had jurisdiction over his claims (26 U.S.C. § 6330(d)), and he would have received due process had he filed in that court since he is a taxpayer.

Jones's arguments are without merit and are frivolous. *U.S. v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986). An individual, including Jones, "is a 'person' under the Internal Revenue Code" and is subject to Title 26. *Id.*

3

III.  Definition of Income

Jones's reliance on *Eisner v. Macomber* and *Brushaber v. Union Pacific Railroad Co.* is misplaced. The Supreme Court has abandoned "the attempt at an all-inclusive definition of income which it had undertaken in *Eisner*." *Prescott v. Commr.*, 561 F.2d 1287, 1293 (8th Cir. 1977). The Supreme Court has stated the *Eisner* definition "was not meant to provide a touchstone to all future gross income questions." *Commr. v. Glenshaw Glass Co.*, 348 U.S. 426, 430-431 (1955). Gross income is broadly defined as "all income from whatever source derived." 26 U.S.C. § 61. Jones's argument to the contrary is meritless. The Ninth Circuit cases cited by Judge Ostby are consistent with this definition of income.

In *Brushaber*, the Supreme Court noted "the 'whole purpose' of the Sixteenth Amendment…was 'to relieve all income taxes when imposed from apportionment from a consideration of the source whence the income was derived.'" *Sortillon v. Commr.*, 38 T.C.M. (CCH) 1097 (1979), citing *Brushaber v. Union Pacific Railroad Co.*, 240 U.S. 1, 18 (1916). Since the ratification of the Sixteenth Amendment, whether an income tax is a direct or indirect tax is immaterial. *Id.*

Jones's claims are barred by the doctrine of sovereign immunity. Jones's frivolous and meritless arguments fail to address this underlying issue of jurisdiction.

4

There is no clear error in Judge Ostby's remaining analysis. Accordingly, IT IS HEREBY ORDERED:

1. Judge Ostby's Findings and Recommendations (doc. 15) are adopted in full.

2. Defendant's Motion to Dismiss for Lack of Jurisdiction (doc. 4) is granted.

3. Jones's Motion for Summary Judgment (doc. 10) and Motion to Exceed Word Limit for Brief (doc. 11) are denied as moot.

4. Jones's Complaint (doc. 1) is dismissed with prejudice. The Clerk of Court is directed to close this matter and enter judgment in favor of the Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 26th day of October 2012.

Dana L. Christensen, District Judge
United States District Court